IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KLEIN-BECKER USA, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>ALL WEB LLC, et al.,<br><br>        Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:05-CV-518 TC |

On May 17, 2007, the court denied Defendants' (hereinafter "All Web") Motion for Summary Judgment. All Web then filed a Motion for Reconsideration of the court's Order. For the reasons set forth below, All Web's Motion for Reconsideration is DENIED.

All Web does not specify the particular rule of procedure that they believe requires the court to reconsider its previous order. But the Tenth Circuit has clearly stated that regardless of how it (a motion for reconsideration) is construed, a motion filed within ten days of the entry of judgment that questions the correctness of the judgment is properly treated as a Rule 59(e) motion. See Phelps v. Hamilton, 122 F.3d 1309, 1323 (10th Cir. 1997). Furthermore, the Tenth Circuit held that a motion will be considered under Rule 59(e) "when it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" Id. at 1323-24 (quoting Martinez v. Sullivan, 874 F.2d 751, 753 (10th Cir. 1989).

Whether to grant or deny a motion for reconsideration under Rule 59(e) is committed to the court's discretion. See Phelps, 122 F.3d at 1324. The Tenth Circuit recognizes only certain grounds for granting such a motion, including those cases where movants can show: (1) an

intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice.  See Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 948 (10th Cir. 1995).  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  Servants of the Paraclete, 204 F.3d at 1012.  A Rule 59(e) motion should be granted "only if the moving party can present new facts or clear errors of law that compel a change in the court's prior ruling."  Bao Ge v. Li Peng, 201 F. Supp. 2d 14, 26 (D.D.C. 2001) (quotations & citations omitted), aff'd 35 Fed. Appx. 1 (D.C. Cir. Mar. 1, 2002).  Further, "[i]n order to show clear error or manifest injustice, the [movant] must base its motion on arguments that were previously raised but were overlooked by the Court – '[p]arties are not free to relitigate issues that the Court has already decided.'"  United States v. Jasin, 292 F. Supp. 2d 670, 676 (E.D.Pa. 2003) (citations omitted).

     Courts routinely deny Rule 59(e) motions in which the movant rehashes old arguments, attempts to re-argue more persuasively issues already presented to and addressed by the Court, or tries to take a second bite at the apple.  See, e.g., National Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial Inc., 899 F.2d 119, 123 (1st Cir. 1990) (citing numerous cases for proposition that Rule 59(e) motions are commonly rejected where the movant "was rehashing old arguments already rejected by the trial court"); Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case"); Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000), cert. denied, Beverley v. Oto, 531 U.S. 1152 (2001) (motions for reconsideration under Rule 59(e) which "merely took umbrage with the [district] court's ruling and rehashed old arguments," and "did not demonstrate that there was disregard, misapplication or failure to recognize controlling

precedent . . . were properly rejected by District Court"); <u>Backlund v. Barnhart</u>, 778 F.2d 1386, 1388 (9th Cir. 1985) (upholding denial of Rule 59(e) motion where motion "presented no arguments that had not already been raised").

In its motion for reconsideration, All Web repeats and re-emphasizes arguments it presented to the court during initial consideration of All Web's Motion for Summary Judgment. The court does not find the arguments persuasive. To the extent All Web disagrees with the court's decision, such a matter is for the Tenth Circuit Court of Appeals.

For the foregoing reasons and for the reasons set forth in the court's May 17, 2007 Order, All Web's Motion for Reconsideration of the Court's Order (Dkt. # 160) is DENIED.

SO ORDERED this 17th day of July, 2007.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge